**UNION STATION ASSOCIATES LLC, Plaintiff,**

v.

**PUGET SOUND ENERGY, INC., Defendant.**

No. 01–CV–298P.

United States District Court, W.D. Washington at Seattle.

Dec. 6, 2002.

Parker C Folse, III, Susman Godfrey, L.L.P., Seattle, for Union Station Associates LLC, plaintiff.

Michael Pierson, Megan E McCloskey, Riddell Williams, P.S., Seattle, for Puget Sound Energy Inc, defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS REMAINING FEDERAL CLAIMS

PECHMAN, District Judge.

This matter comes before the Court on defendant Puget Sound Energy, Inc.'s ("PSE") motion to dismiss Union Station Associates LLC's ("Union") remaining claims in this litigation. (Dkt. No. 96) Those claims include: (1) claims for contribution related to environmental response costs by Union after having entered into a Consent Decree with the Washington State Department of Ecology, (2) two declaratory judgment causes of action, and (3) remaining state law claims. Having reviewed the pleadings and papers submitted by the parties, and having heard oral argument on the issues, the Court finds that the Consent Decree constitutes a "judicially approved settlement" as contemplated by CERCLA's statute of limitations provision. That settlement triggers a three-year limitations period. Because Union filed this suit nearly four years after entry of the Consent Decree, Union's contribution claim under CERCLA is time-barred, and that claim is DISMISSED. Because both cost recovery and CERCLA contribution claims are now dismissed, the two declaratory judgment causes of action premised on those claims are likewise DISMISSED. Finally, the Court elects to retain jurisdiction over the state law claims for contribution.

## BACKGROUND

The facts of this case were set forth in detail in this Court's prior order, and will not be repeated here. Union originally sought cost recovery and contribution from PSE under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and the Washington State Model Toxics Control Act ("MTCA"), RCW 70.105D.010 *et seq.*, for remedial work done at and near Union Station in downtown Seattle. Union claimed that PSE should pay full cost recovery and/or contribution for contamination of the site by its alleged corporate predecessors. The Court granted partial summary judgment in favor of the defendant on the cost recovery claims, limiting Union's remedy to one for contribution, both under CERCLA and under MTCA.

PSE now moves to dismiss Union's contribution claim under CERCLA, arguing that the statute of limitations has run. According to PSE, the three-year limitations period for contribution actions was triggered by Union's entry into a judicially approved settlement with the Washington State Department of Ecology. Because Union filed this lawsuit nearly four years after entry of the settlement, the limitations period has run and Union's contribution action cannot stand. Union argues that the statute of limitations should be six years, primarily because the consent decree does not qualify as a judicially approved settlement within the meaning of the act. Both parties use statutory construction to reach different conclusions.

PSE next argues that with the grant of summary judgment on the cost recovery claims, and dismissal of the CERCLA contribution claim, that Union's declaratory judgment claims cannot stand. Finally, the parties now agree that the state law claims should not be dismissed and that the Court should retain supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367.

## ANALYSIS

### 1. *Union's Claim for Contribution*

Section 113(g) of CERCLA is entitled "[p]eriod in which action may be brought," and identifies limitations periods for various types of actions brought under CERCLA. Relevant to the present motion are those provisions establishing limitations periods for cost recovery actions and contribution actions. 42 U.S.C. § 9613(g)(2) and (3) (CERCLA sections 113(g)(2) and (3)).

Section 113(g)(2) states in relevant part:

(2) Actions for recovery of costs

An initial action for recovery of the costs referred to in section 9607 of this title must be commenced -

(A) for a removal action, within 3 years after completion of the removal action, except that such cost recovery action must be brought within 6 years after a determination to grant a waiver ... for continued response action; and

(B) for a remedial action, within 6 years after initiation of physical onsite construction of the remedial action, except that, if the remedial action is initiated within 3 years after the completion of the removal action, costs incurred in the removal action may be recovered in the cost recovery action brought under this subparagraph.

In any such action described in this subsection the court shall enter a declaratory judgment on liability for response costs or damages ... Except as otherwise provided in this paragraph, an action may be commenced under 9607 of this title for recovery of costs at any time after such costs have been incurred.

42 U.S.C. § 9613(g)(2). In contribution actions, section 113(g)(3) provides:

(3) Contribution

No action for contribution for any response costs or damages may be commenced more than 3 years after -

(A) the date of judgment in any action under this chapter for recovery of such costs or damages, or

(B) the date of an administrative order under section 9622(g) or this title (relating to de minimis settlements) or 9622(h) of this title (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.

42 U.S.C § 9613(g)(3).

Although there appears to be a sharp distinction between cost recovery actions and contribution actions, courts have held, and the parties appear to agree, that actions for contribution might be subject to the longer, 6–year statute of limitations of § 113(g)(2) if none of the four "triggering events" listed in § 113(g)(3) occurs. *Geraghty and Miller, Inc. v. Conoco, Inc.*, 234 F.3d 917, 923–24 (5th Cir.2000); *City of Wichita v. Aero Holdings, Inc.*, 177 F.Supp.2d 1153, 1175 (D.Kan.2000). Application of the six-year statute of limitations in such situations helps to avoid the problem of an indeterminable limitations period for contribution actions in which no triggering event has occurred. *Geraghty*, 234 F.3d at 924–925.

The issue in the present case therefore becomes whether one of the triggering events detailed in § 113(g)(3) has occurred. PSE asserts that the consent decree entered by Union and the Washington State Department of Ecology ("Ecology") constitutes a "judicially approved settlement," and therefore § 113(g)(3)'s three-year limitations period applies. Union counters that the consent decree is not a judicially approved settlement within the meaning of the act, so the longer, six-year period of § 113(g)(2) applies. Specifically,

Union argues (1) that the phrase "such costs or damages" in subparagraph (B) refers to those in subparagraph (A) that are the subject of a "judgment," and (2) that because there is no judgment or pre-existing claims against Union in this case, and because there was never any action brought against Union, this is not a "settlement" referred to in § 113(g)(3)(B).

The Court notes that the determination of which statute of limitations applies is a purely legal question of statutory interpretation. Summary judgment is therefore appropriate. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The Court finds that the Consent Decree entered by Union Station and Ecology is a judicially approved settlement as contemplated by § 113(g)(3)(B). Therefore, Union's CERCLA contribution claims are time-barred and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

First, as a matter of grammatical construction, the phrase "such costs or damages" in subparagraph (B) refers to the initial clause "[n]o action for contribution for any response costs or damages may be commenced more than 3 years after ..." As PSE states in its reply, Section 113(g)(3), when read as a whole, is a single sentence with two distinct and independent subsections separated by the word "or." Subsections A and B are prepositional clauses modifying the body of the sentence, describing distinct events three years after which a party is prohibited from pursuing an action for contribution "for *any* response costs or damages." (emphasis added) Each subsection is independent of the other; the sentence would be logically and grammatically complete if either subsection A or subsection B were removed in its entirety. In addition, both dependent clauses contain the phrase "such costs or damages," logically refer-

ring back to the modified clause above. Therefore, a grammatical construction of the section supports the conclusion that a judicially approved settlement need not be limited to actions or settlements under CERCLA.

Next, as a matter of statutory construction, "if the language of a statute is clear, we look no further than that language in determining the statute's meaning." *United States v. Lewis,* 67 F.3d 225, 228 (9th Cir.1995). The Court finds that the plain language of the statute indicates that the Consent Decree entered into by Union is a judicially approved settlement as envisioned by Congress. Section 113(g)(3) sets forth four events triggering a three-year limitations period, three of which directly refer to sections of CERCLA or the act as a whole. Yet the clause referring to a "judicially approved settlement" contains no such limiting language. Therefore, because the Court presumes that Congress acts intentionally when it includes language in one section but omits it in another, *Oregon Natural Resources Council, Inc. v. Kantor,* 99 F.3d 334, 339 (9th Cir. 1996), the Court concludes that any judicially approved settlement with respect to costs or damages for which contribution is sought triggers § 113(g)(3)'s three-year statute of limitations. While the consent decree was admittedly not a judicially approved settlement "under CERCLA," it was most certainly a judicially approved settlement as to "any response costs or damages" as referred to in § 113(g)(3).

Union's assertion that there need be "pre-existing claims" in order for the Consent Decree to be a judicially approved settlement as contemplated by the act is likewise unpersuasive. There need not be a "pre-existing claim" in the sense that Union argues; in other words, the settling party does not have to be a polluter in order to trigger the three-year limitations

**1230**

period. This is simply a restatement of Union's non-polluter "innocence" argument raised in Union's response to PSE's motion for partial summary judgment. In any case, the record reflects that a complaint was filed within a day of entry of the consent decree. McCloskey Decl. Ex. A, McCloskey Reply Decl. Ex. A. The complaint is dated July 28, 1997, and the consent decree is date-stamped July 29, 1997. *Id.* It matters not that Union did not own the property in question at the time. The Consent Decree resolved issues of Union's liability as to response costs associated with that property, and is therefore a judicially approved settlement as to those costs.

Finally, Union asserted at oral argument that a ruling in favor of PSE would mean that contribution actions brought after state court *settlements* would be subject to a limitations period different from actions brought after state court *judgments*. This argument is premised on the hypothesis that a state court judgment would not be a "triggering event" under § 113(g)(3), and therefore the longer limitations period of § 113(g)(2) would apply. This inconsistency may well arise, but that case is not before the Court, and the Court declines to reach the issue. The plain language of the statute does not limit the type of judicially approved settlement that triggers the shorter limitations period, and the Court will not add such limiting language.

**2. *Union's Declaratory Judgment Actions***

■ Union has asserted two claims for federal declaratory relief, one under CERCLA § 113(g)(2) and the other under the Declaratory Judgment Act, 28 U.S.C. § 2201. Compl. at ¶¶ 4.9 and 6.3. PSE correctly asserts that neither can stand in the absence of a substantive cause of action. *See Reichhold Chem., Inc. v. Textron, Inc.,* 888 F.Supp. 1116, 1124 (N.D.Fla.1995) (dismissing declaratory judgment claim under § 113(g)(2) after dismissal of § 107 claim). Union does not oppose these arguments. Given that the Court granted partial summary judgment disposing of Union's § 107 claim for cost recovery, and with this order dismisses Union's § 113(f) claim, no substantive federal claims exist upon which to base Union's declaratory judgment claims. The declaratory judgment causes of action are therefore dismissed.

**3. *Union's State Law Claims***

■ PSE originally moved for dismissal of Union's remaining state law claims pursuant to 28 U.S.C. § 1367, but later withdrew that motion. Union opposed dismissal, asserting that it would be prejudiced by having to start over in state court at this late date after discovery has been completed. The decision to exercise jurisdiction over supplemental claims is a discretionary one, and a court weighs the "values of judicial economy, convenience, fairness, and comity" in making that decision. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). The present litigation is in its final stages. Discovery is complete and dispositive motions have now been ruled upon. A trial date has been set for a little more than a month from the present date. In the interests of judicial economy, and to avoid undue prejudice to the parties in having to re-start this litigation at such a late date, this Court elects to retain its jurisdiction over Union's state law claims.

**CONCLUSION**

For the above-stated reasons, the Court finds that the July 29, 1997, Consent Decree is a "judicially approved settlement" as contemplated by § 113(g)(3)(B). That section's three-year limitations period therefore applies, and

Union's action is time-barred and dismissed pursuant to Rule 12(b)(6). Union's declaratory judgment causes of action are likewise dismissed because they are no longer supported by substantive federal claims. Finally, this Court retains jurisdiction over the plaintiff's remaining state law claims.

The Clerk is directed to send copies of this order to all counsel of record.